12 F.3d 211
 88 Ed. Law Rep. 551
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ilene DENOOYER and Kelly E. Denooyer, Plaintiffs-Appellants,
v.
Joseph MERINELLI, Jane Van Poperin, Kent Gage, Carole
Samples, Livonia Public Schools, Defendants-Appellees.
 No. 92-2080.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1993.
Rehearing and Suggestion for Rehearing En Banc
Denied Nov. 18, 1993.
 
 On Appeal From the United States District Court for the Eastern District of Michigan, No. 91-72963, Edwards, J.
 E.D.Mich.
 AFFIRMED.
 Before: MILBURN and NORRIS, Circuit Judges; and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiffs Kelly DeNooyer, by her next friend and mother, Ilene DeNooyer, and Ilene DeNooyer appeal from the district court's summary judgment for defendants Livonia Public Schools, Carole Samples, Dr. Kent Gage, Jane Van Poperin, and Joseph Merinelli, in this civil rights action brought under 42 U.S.C. Sec. 1983 challenging the defendants' right to prohibit a second grade student from showing her class a videotape of herself singing a religious proselytizing song in a church service. On appeal, the issues presented are (1) whether defendants violated a student's First Amendment right to free expression when they prohibited her from showing a videotape of her singing a religious song in church to her second grade classmates during "show and tell," (2) whether defendants violated a student's First Amendment right to the free expression of her religious beliefs when they prohibited her from showing the videotape, (3) whether defendants violated a student's Fourteenth Amendment right to equal protection of the laws when they prohibited the student from showing her videotape while permitting another student to tell the class how menorahs were used in Israel, (4) whether defendants violated a student's First Amendment right to freedom of association when they prevented her from showing her videotape, and (5) whether defendants violated the Fourteenth Amendment liberty interest of the student's mother to instill religious principles in her child when they prevented the showing of the videotape. For the reasons that follow, we affirm.
 
 I.
 
 2
 The material facts of this case are undisputed. Plaintiff Kelly DeNooyer was enrolled in the second grade at McKinley Elementary School in Livonia, Michigan, for the school year 1990-91. In December 1990, Kelly's teacher, Ms. Solomon, started a program in her classroom called "VIP of the Week." The program was submitted to and approved by defendant Van Poperin, the principal of McKinley Elementary School, thus becoming part of the curriculum for second grade students in Ms. Solomon's class. The program called for the weekly selection of a student VIP, who would wear an identifying badge and bring to class various items to describe to his or her classmates. The primary purpose of this program was to increase the students' self-confidence and poise by focusing attention on them and giving them the opportunity to make verbal presentations to the class about items that were interesting or important to them.
 
 
 3
 In December 1990, Kelly DeNooyer was chosen "VIP of the Week." On December 13, 1990, Kelly DeNooyer brought a videotape to class and asked that it be shown. The videotape recorded her performance of a religious song at a worship service of the Temple Baptist Church of Redford, Michigan, of which she and her parents were members.
 
 
 4
 The song describes the benefits of a child's early relationship with Jesus Christ and the importance of turning over one's "childish heart of sin" in order to be saved. In her deposition, Kelly DeNooyer testified that she wanted to share the message of the song with her classmates "[b]ecause I might have a chance to help people get saved." J.A. 105.
 
 
 5
 When she received the videotape from Kelly DeNooyer, Ms. Solomon previewed it privately and concluded that it was inappropriate for her classroom for several reasons. First, the videotape had not been approved for showing to her class as required by school district policy. Second, Ms. Solomon believed that allowing any child to show a videotape would frustrate the purpose of the VIP program, which was designed to develop students' self-confidence and verbal communication skills by requiring oratory before the class. Putting a videotape into a machine would not accomplish that purpose. Third, Ms. Solomon believed that the precedent thus established would waste her instructional time when other students brought in videotapes, which would in turn require previewing by the teacher and approval by the school district. Ms. Solomon would also have to arrange for videotape replay equipment to be brought to the classroom. Finally, Ms. Solomon was concerned about the videotape's religious message, which she believed was inappropriate for second graders in a public school classroom. She feared her students would assume that she and the school endorsed the message of the song and that the song's message and her presumed endorsement of it might embarrass or offend other students in the classroom who were not Christians.
 
 
 6
 Ms. Solomon discussed her concerns with Jane Van Poperin, the school principal, who agreed that the videotape should not be shown. Ms. Solomon then took Kelly aside and told her that she would not be able to show the videotape. Thereafter, Ilene DeNooyer, Kelly's mother, discussed the matter with Ms. Solomon and Ms. Van Poperin, as well as Dr. Kent Gage, the Director of Elementary Education, and Carole Samples, Assistant Superintendent for Instruction. All of Ms. Solomon's superiors concurred in her decision. Ilene DeNooyer did not discuss the matter with defendant, Joseph Merinelli, Superintendent of Schools, or any member of the board of education.
 
 
 7
 On June 14, 1991, plaintiffs filed this action in the district court pursuant to 42 U.S.C. Sec. 1983, alleging that defendants violated Kelly DeNooyer's First Amendment rights to freedom of expression, freedom of association, and freedom to exercise her religion. Plaintiffs further alleged that defendants violated Kelly DeNooyer's Fourteenth Amendment right to equal protection of law and Ilene DeNooyer's Fourteenth Amendment liberty interest in instilling in her daughter the religious beliefs of the family. On cross motions for summary judgment, the district court entered judgment for the defendants, and this timely appeal followed.
 
 II.
 A.
 
 8
 Under Federal Rule of Civil Procedure 56, summary judgment may be granted where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. This court reviews the district court's grant of summary judgment de novo. Pinney Dock & Transp. Co. v. Penn Cent. Corp., 838 F.2d 1445, 1472 (6th Cir.), cert. denied, 488 U.S. 880 (1988). By agreement of the parties, there is no genuine issue of material fact remaining in this case. The only remaining questions are questions of law, which are likewise reviewable de novo. Whitney v. Brown, 882 F.2d 1068, 1071 (6th Cir.1989).
 
 B.
 
 9
 Plaintiffs argue that the district court erred in determining that Kelly DeNooyer's First Amendment right to free expression was not violated when the school decided not to show her videotape. In particular, they contend that the district court should have applied the standards set out in Tinker v. Des Moines Independent Community School District, 393 U.S. 503 (1969), rather than those in Hazelwood School District v. Kuhlmeier, 484 U.S. 260 (1988). Tinker, however, does not govern this case, because in Hazelwood, a more analogous case, the Supreme Court held that a school may reasonably regulate student expression within the closed forum of a classroom without violating the First Amendment's guarantee of free expression.
 
 
 10
 Accordingly, we conclude that the standard articulated in Tinker for determining when a school may punish student expression need not also be the standard for determining when a school may refuse to lend its name and resources to the dissemination of student expression. Instead, we hold that educators do not offend the First Amendment by exercising editorial control over the style and content of student speech in school-sponsored expressive activities so long as their actions are reasonably related to legitimate pedagogical concerns.
 
 
 11
 Id., 484 U.S. at 272-73 (emphasis added).
 
 
 12
 When these principles are applied to the present case, it is clear that Kelly DeNooyer's proposed presentation was part of the class curriculum and was, therefore, school-sponsored expression. Because the school had not opened the classroom for use as a public forum, it could regulate both the style and the content of Kelly DeNooyer's presentation, provided its regulation was reasonably related to legitimate pedagogical concerns of the school.
 
 
 13
 According to the testimony of Ms. Solomon, her primary "pedagogical concern," the aim of the "VIP of the Week" program, was to increase her students' verbal communication skills by requiring a "live" classroom presentation by the student on some subject of his or her choosing. That concern would be frustrated if every student were permitted to show a videotape of himself or herself doing some activity at another location. Furthermore, the use of a videotape was of concern to Ms. Solomon because it imposed burdens on her as a teacher by forcing her to take time (1) to have the videotape approved by the school district according to its policy, (2) to preview the tape herself for classroom suitability, and (3) to arrange for the necessary replay equipment to be brought to the classroom. These pedagogical concerns apply to the "style" of the presentation, that is, the medium of the videotape itself, regardless of its contents. This concern as to the medium of videotape being sufficient to affirm the district court, it is unnecessary to rule on the other reasons presented by the defendants.
 
 C.
 
 14
 For the reasons stated, we hold that the district court did not err in finding the school's rejection of the showing of the videotape to be reasonably related to legitimate pedagogical concerns, and we AFFIRM the district court's grant of summary judgment as to this issue. As to the other issues raised in this appeal, we AFFIRM the district court's grant of summary judgment for the reasons stated in its memorandum opinion. See DeNooyer by DeNooyer v. Livonia Public Schools, 799 F.Supp. 744 (E.D.Mich.1992).